**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4764**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

  versus

JEFFERSON VIDAL,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-812)

———————

Submitted:  December 29, 2004   Decided:  January 13, 2005

———————

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joenathan S. Chaplin, JOENATHAN S. CHAPLIN, P.A., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jefferson Vidal appeals his conviction following his conditional guilty plea to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Prior to accepting the guilty plea, the district court denied Vidal's motion to suppress evidence seized pursuant to a traffic stop on Interstate 95 in Florence County, South Carolina. Vidal preserved the right to appeal the district court's suppression determination. We affirm the denial of his motion to suppress.

This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). When a district court has denied a suppression motion, we review the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

We find that the factors upon which the district court relied in denying the motion to suppress provided reasonable suspicion that Vidal was engaged in criminal activity. See United States v. Foreman, 369 F.3d 776, 785 (4th Cir. 2004) (noting that drug traffickers commonly use air fresheners in vehicles to mask smell of narcotics); United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000) (citing travel along I-95 and departure from a

source city as factors contributing to reasonable suspicion). Accordingly, we affirm Vidal's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED